FILED
United States Court of Appeals
Tenth Circuit

June 26, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO DESMOND YOUNGER,

    Defendant - Appellant.

No. 17-5114
(D.C. No. 4:13-CR-00084-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant Antonio Desmond Younger pleaded guilty in 2016 to possession of cocaine with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to probation for five years. In 2017 he admitted to violations of his conditions of probation and was sentenced to seven months of imprisonment followed by three years of supervised release. He timely appealed. He has since been released from custody and is now serving his three-year term of supervised release.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant's counsel has filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Id.* at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

Defendant was advised of his counsel's position by both defense counsel and the clerk of this court and the clerk gave him 30 days to respond or request more time. Defendant has submitted nothing in return.

Defense counsel submits, and we have confirmed from the record, that Defendant personally stipulated that he had violated two conditions of probation and waived the right to a revocation hearing. Defense counsel has not identified any arguable error in the district court's acceptance of the stipulation and waiver of hearing or the decision to revoke probation, and no error is evident in the record. Also, defense counsel "found no arguable error that can be asserted against any part of the sentence." We note that the term of imprisonment has been fully served, rendering any challenge to that part of the sentence moot. And as for the three-year term of supervised release, § 841(b)(1)(C) requires a minimum supervised-release term of three years.

Exercising jurisdiction under 28 U.S.C. § 1291, we **GRANT** defense counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge